| County Court, County of Arapahoe, Colorado<br>Court Address:<br>1790 W. Littleton Blvd,<br>Littleton, CO 80120 | |
|---|---|
| Plaintiff(s): Clifford Lott<br><br>v.<br><br>Defendant(s): Medicredit, Inc.,<br>a Missouri corporation<br>d/b/a The Outsource Group | ↑ COURT USE ONLY ↑ |
| Attorney for Plaintiff:<br>David M. Larson, Esq.<br>88 Inverness Circle East, Suite E-102<br>Englewood, CO 80112<br>Phone Number: 303-799-6895<br>Atty. Reg. #: 032811 | Case Number:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT AND JURY TRIAL DEMAND** | |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

3. Venue is proper in this Court.

4. The acts and transactions alleged herein occurred in Arapahoe County.

5. The Defendant transacts business in Arapahoe County.

## PARTIES

6. Plaintiff Clifford Lott is a natural person.

7. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.


EXHIBIT A

9. Defendant Medicredit, Inc. is a Missouri corporation d/b/a The Outsource Group operating from an address at 3620 I-70 Drive SE, Suite C, Columbia, Missouri, 65201.

10. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

11. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Defendant is licensed as a collection agency by the state of Colorado.

13. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

14. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

16. Sometime before 2014 the Plaintiff allegedly incurred financial obligations that were primarily for personal, family and household purposes namely amounts due and owing on three (3) personal Accounts owed to Medical Center of Aurora and Rose Medical Center (hereinafter referred to as the "Accounts").

17. The Accounts each constitute a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Accounts went into default with the original creditors.

19. After the Accounts went into default the Accounts were placed or otherwise transferred to the Defendant for collection, Defendant's file numbers for the Accounts – 37727870, 38073758 and 42523381.

20. The Plaintiff disputes the Accounts.

21. The Plaintiff requests that the Defendant cease all further communication on the Accounts.

22. The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

23. The Defendant acted at all times mentioned herein through its employee(s) and/or agent(s).

24. In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Accounts.

25. In August 2014 the Plaintiff had telephone conversation(s) regarding the Accounts with the Defendant via its employee(s).

26. During the telephone conversation(s) in August 2014 between the Defendant and the Plaintiff regarding the Accounts the Defendant stated that the Defendant had the Accounts and stated the balance due on the Accounts Rose Medical Center and Medical Center of Aurora.

27. During the telephone conversation(s) in August 2014 between the Plaintiff and the Defendant regarding the Accounts the Plaintiff disputed the Accounts.

28. During the telephone conversation(s) in August 2014 between the Plaintiff and the Defendant regarding the Accounts the Plaintiff disputed the Accounts with the Defendant.

29. During the telephone conversation(s) in August 2014 between the Plaintiff and the Defendant regarding the Accounts the Plaintiff notified the Defendant that the Accounts are disputed.

30. During the telephone conversation(s) in August 2014 between the Plaintiff and the Defendant regarding the Accounts the Plaintiff informed the Defendant that the Accounts are disputed.

31. The Defendant was aware that the Accounts were disputed in August 2014.

32. The Defendant was informed that the Accounts were disputed in August 2014.

33. After August 2014 the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Experian, a credit reporting agency.

34. After August 2014 when the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Experian the Defendant did not communicate to Experian that the Accounts were disputed.

3

35. The information communicated to Experian by the Defendant after August 2014 on the Accounts conveyed information regarding the Accounts directly or indirectly to Experian.

36. The information communicated regarding the Accounts by the Defendant to Experian after August 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

37. The Defendant communicated the information regarding the Accounts after August 2014 to Experian in connection with the collection of the Accounts.

38. After August 2014 the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Equifax, a credit reporting agency.

39. After August 2014 when the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Equifax the Defendant did not communicate to Equifax that the Accounts were disputed.

40. The information communicated to Equifax by the Defendant after August 2014 on the Accounts conveyed information regarding the Accounts directly or indirectly to Equifax.

41. The information communicated regarding the Accounts by the Defendant to Equifax after August 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

42. The Defendant communicated the information regarding the Accounts after August 2014 to Equifax in connection with the collection of the Accounts.

43. After August 2014 the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Transunion, a credit reporting agency.

44. After August 2014 when the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Transunion the Defendant did not communicate to Transunion that the Accounts were disputed.

45. The information communicated to Transunion by the Defendant after August 2014 on the Accounts conveyed information regarding the Accounts directly or indirectly to Transunion.

46. The information communicated regarding the Accounts by the Defendant to Transunion after August 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

47. The Defendant communicated the information regarding the Accounts after August 2014 to Transunion in connection with the collection of the Accounts.

48. In September 2014 the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Experian, a credit reporting agency.

49. In September 2014 when the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Experian the Defendant did not communicate to Experian that the Accounts were disputed.

50. The information communicated to Experian by the Defendant in September 2014 on the Accounts conveyed information regarding the Accounts directly or indirectly to Experian.

51. The information communicated regarding the Accounts by the Defendant to Experian in September 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

52. The Defendant communicated the information regarding the Accounts in September 2014 to Experian in connection with the collection of the Accounts.

53. In September 2014 the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Equifax, a credit reporting agency.

54. In September 2014 when the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Equifax the Defendant did not communicate to Equifax that the Accounts were disputed.

55. The information communicated to Equifax by the Defendant in September 2014 on the Accounts conveyed information regarding the Accounts directly or indirectly to Equifax.

56. The information communicated regarding the Accounts by the Defendant to Equifax in September 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

57. The Defendant communicated the information regarding the Accounts in September 2014 to Equifax in connection with the collection of the Accounts.

58. In September 2014 the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Transunion, a credit reporting agency.

59. In September 2014 when the Defendant communicated information regarding the Accounts, including the name of the original creditor on the Accounts and the balance due on the Accounts, to Transunion the Defendant did not communicate to Transunion that the Accounts were disputed.

60. The information communicated to Transunion by the Defendant in September 2014 on the Accounts conveyed information regarding the Accounts directly or indirectly to Transunion.

61. The information communicated regarding the Accounts by the Defendant to Transunion in September 2014 constituted a "communication" as defined by FDCPA § 1692a(2).

62. The Defendant communicated the information regarding the Accounts in September 2014 to Transunion in connection with the collection of the Accounts.

63. Upon information and belief in 2014 the Defendant regularly reported information on Accounts(s) that it was attempting to collect to Experian.

64. Upon information and belief in 2014 the Defendant regularly reported information on Accounts(s) that it was attempting to collect to Equifax.

65. Upon information and belief in 2014 the Defendant regularly reported information on Accounts(s) that it was attempting to collect to Transunion.

66. Upon information and belief in 2014 the Defendant regularly reported information on Accounts(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

67. Upon information and belief in 2014 the Defendant regularly reported information on Accounts(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

68. Upon information and belief in 2014 the Defendant regularly reported information on Accounts(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

69. Upon information and belief in 2014 the Defendant reported information to Experian on Accounts(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

70. Upon information and belief in 2014 the Defendant reported information to Equifax on Accounts(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

71. Upon information and belief in 2014 the Defendant reported information to Transunion on Accounts(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

72. The telephone conversation(s) in August 2014 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each conveyed information regarding the Accounts directly or indirectly to the Plaintiff.

73. The telephone conversation(s) in August 2014 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each constituted a "communication" as defined by FDCPA § 1692a(2).

74. The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the Accounts each conveyed information regarding the Accounts directly or indirectly to the Plaintiff.

75. The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the Accounts each constituted a "communication" as defined by FDCPA § 1692a(2).

76. On information and belief the Defendant made an audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff on August 2014.

77. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff on August 2014.

78. On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in 2014.

79. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2014.

80. On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2014.

81. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2014.

82. On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Accounts in 2014 substantiate the Plaintiff's allegations in this action.

83. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian regarding the Accounts.

84. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Equifax regarding the Accounts.

85. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion regarding the Accounts.

86. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian regarding the Accounts after July 2014.

87. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Equifax regarding the Accounts after July 2014.

88. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion regarding the Accounts after July 2014.

89. The Defendant did not communicate to Experian that the Accounts are disputed on or before November 24, 2014.

90. The Defendant did not communicate to Equifax that the Accounts are disputed on or before November 24, 2014.

91. The Defendant did not communicate to Transunion that the Accounts are disputed on or before November 24, 2014.

92. The Defendant's statement(s) and/or action(s) and/or omission(s) constitute false and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

93. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

94. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

95. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

96. As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks $4,000.00 in actual damages pursuant to FDCPA § 1692k(a)(1), $1,000.00 in statutory damages pursuant to FDCPA § 1692k(a)(2)(A) and Plaintiff's costs and reasonable attorney's fees pursuant to FDCPA § 1692k(a)(3).

## COUNT I, FDCPA VIOLATION

97. The previous paragraphs are incorporated into this Count by reference.

98. The statement(s) and/or act(s) and/or omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

99. Pursuant to FDCPA § 1692k the Plaintiff seeks $4,000.00 in actual damages pursuant to FDCPA § 1692k(a)(1), $1,000.00 in statutory damages pursuant to FDCPA § 1692k(a)(2)(A) and Plaintiff's costs and reasonable attorney's fees pursuant to FDCPA § 1692k(a)(3).

## JURY TRIAL DEMAND

Plaintiff hereby makes demand for jury trial in this case.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.

2. Actual Damages in the amount of $4,000.00 pursuant to 15 U.S.C. § 1692k(a)(1).

3. Statutory Damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

5. Costs pursuant to 15 U.S.C. § 1692k(a)(3).

6. Post Judgment Interest.

Respectfully submitted,

David M. Larson, Esq., # 032811
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff